IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | CASE NO. 8:07CV230 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM AND ORDER |
| RON RIETHMUELLER, et. al., | ) ) | |
| Defendants. | ) | |

This matter is before the court on the Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") (Filing No. 2). In his complaint, Plaintiff asserts that this action is being brought pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages and other relief against State officials who allegedly kept Plaintiff in prison beyond his originally projected date of discharge. Because Plaintiff was not incarcerated at the time he filed this action, he is not currently subject to the provisions of the Prison Litigation Reform Act ("PLRA"). Therefore, as Plaintiff is financially eligible he may proceed IFP.

By requesting to proceed IFP, however, Plaintiff subjects his complaint to the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Plaintiff's sole claim involves the duration of his confinement. Accordingly, the Plaintiff's case must be dismissed as it is barred until such time as the

Plaintiff has obtained a favorable outcome in a habeas corpus or similar proceeding. See *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Muhammad v. Close*, 540 U.S. 749, 751 (2004) the Supreme Court explained that:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In *Heck v. Humphrey*, 512 U.S. 477 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction **or duration of sentence**, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

*Id.* at 1304 (emphasis added). Furthermore, the Eighth Circuit concluded in *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2007), that the rule set forth in *Heck v. Humphrey* applies even if habeas remedy is no longer available to Plaintiff.

IT IS THEREFORE ORDERED:

1.   That this case is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2.   That a separate judgment will be filed accordingly.

DATED this 2nd day of August, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge